JUDGE FURMAN

15 CV 01215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE WEST,

                Plaintiff,

-v-

THE CITY OF NEW YORK, New York City Police Department Detective ("Det.") FEDERICO VASQUEZ and Det. TYRONE VIRUET, in their individual capacities,

                Defendant.

---

COMPLAINT AND DEMAND FOR JURY TRIAL

Index No.

ECF CASE

RECEIVED FEB 19 2015 U.S.D.C. S.D.N.Y. CASHIERS

---

Plaintiff GEORGE WEST, through his attorney MARK TAYLOR of Rankin & Taylor, PLLC as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff GEORGE WEST's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis arrested him without probable cause and used unlawful force against him. By reason of defendants' actions, including the unreasonable and unlawful seizure of plaintiff's person, he was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff GEORGE WEST ("Mr. WEST") was at all times relevant to this action a resident of the County of New York in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendants NYPD Detective ("Det.") FEDERICO VASQUEZ ("VASQUEZ") and Det. VIRUET ("VIRUET") (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities under federal law.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers

of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duty. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## STATEMENT OF FACTS

12. On the evening of June 20, 2014, at approximately 6:20 P.M., Mr. WEST was lawfully sitting with a friend in a car in the vicinity of 129th Street and St. Nicholas Terrace in the County of New York.

13. At the time and place described <u>supra</u>, the individual defendants forcefully removed Mr. WEST from the vehicle.

14. Mr. WEST was taken to the 26th Precinct Stationhouse at 50 West 126th Street in the County of New York.

15. Inside the 26th Precinct Stationhouse, officers strip-searched Mr. WEST.

16. Mr. WEST was taken from the 26th Precinct to Manhattan Central Booking.

17. From Central Booking, Mr. WEST was taken to Bellevue Hospital due to high blood pressure and shortness of breath.

18. Mr. WEST was returned from Bellevue Hospital to Central Booking and arraigned on June 21, 2014 on the charge of Criminal Facilitation in the Fourth Degree based on a complaint sworn out by Det. VASQUEZ.

19. Mr. WEST was in defendants' custody for approximately 28 hours as a result of his unlawful arrest.

20. On August 13, 2014, Mr. WEST's criminal case was dismissed on a motion from the district attorney's office.

21. As a result of individual defendants' unlawful arrest and false detention, Mr. WEST experienced physical, emotional, mental and psychological pain and suffering and was deprived of his liberty.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
(Against all Defendants)

22. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including the use of excessive force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; d) freedom from the lodging of false charges against him by police officers; and (e) by failure to intercede in the above complained of conduct.

24. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL
## VIOLATIONS – 42 U.S.C. § 1983
(Against Defendant City of New York)

25. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

27. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

28. The policies, practices, customs and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

29. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

30. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.    That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.    That he be awarded punitive damages against the individual defendants; and

    c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:    New York, New York
February 19, 2015

          Respectfully submitted,

By: _____
Mark Taylor
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507

6